UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Matthew Butcher, | ) | CASE NO. 5:11CV939 |
|     Plaintiff, | )<br>)<br>) | JUDGE JOHN R. ADAMS |
| vs. | )<br>) | |
| City of Cuyahoga Falls, et al., | )<br>) | **MEMORANDUM OF OPINION**<br>**AND ORDER** |
|     Defendants. | )<br>)<br>) | [Resolving Doc. 6] |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Doc. 6). The Court has been advised, having considered the complaint, pleadings, and applicable law. The motion for judgment on the pleadings is GRANTED. The complaint is DISMISSED.

**I.  LEGAL STANDARD**

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

> relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. FACTS

On April 13, 2010, Plaintiff Matthew Butcher was detained by Cuyahoga Falls police officers. There is no dispute that at the time of his detention, Butcher was openly carrying a rifle and a handgun in front of the entrance to a Walgreens pharmacy. Officers McGowan and Anders responded to the area after receiving a dispatch reporting that there was a male in that area carrying weapons. The officers approached Butcher with their guns drawn and ordered him to the ground. Butcher was then handcuffed and the officers took possession of his weapons.

Butcher remained detained for approximately 35 minutes. During that time, the officers investigated Butcher and his motivations. Upon determining that Butcher was in lawful possession of the firearms and had no intent to commit any crime, Butcher was released and his weapons were returned to him.

On April 11, 2011, Butcher filed the instant suit in the Summit County Court of Common Pleas. Butcher asserts that his detention violated his First, Second, and Fourth Amendment rights. Butcher also raises state law claims of false imprisonment and assault and battery. Defendants removed the matter to this Court on May 11, 2011. On June 7, 2011, Defendants moved for judgment on the pleadings. The matter is fully briefed, and the Court now resolves the motion.

### III. ANALYSIS

#### A. Defendant Cuyahoga Falls Police Department

Initially, the Court notes that Defendants are correct that the Cuyahoga Falls Police Department is not *sui juris* and must be dismissed as a party. A municipal police department is not *sui juris* and suits against such entities are construed as brought against the municipality itself, because a judgment against a municipal police department imposes liability on the municipality. *Renz v. Willard Police Department*, 2010 WL 3789563, at *2 (N.D.Ohio 2010); *see, also, Harris v. Sutton*, 183 Ohio App.3d 616 (2009). Accordingly, any claims against the Cuyahoga Falls Police Department are dismissed.

#### B. Fourth Amendment Claim and the Investigatory Stop

*Terry v. Ohio*, 392 U.S. 1 (1968), permits a "stop and frisk" by police where the stop is based on specific, articulable facts indicating reasonable suspicion that a crime has been committed. *Id*. at 21. Furthermore, "[t]he scope of activities permitted during an investigative

stop is determined by the circumstances that initially justified the stop." U*nited States v. Obasa*, 15 F.3d 603, 607 (6th Cir. 1994) (citing *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). While the facts establish that Butcher was never placed under arrest, the existence of probable cause to arrest would eliminate any claim of wrongful arrest. "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (internal quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In a case that this Court find materially indistinguishable from the facts herein, the Eastern District of Wisconsin found that probable cause existed to believe that an individual's act of openly carrying provided probable cause that the offense of disturbing the peace had been committed.

> Officers Donovan & Young had probable cause to arrest plaintiff for disorderly conduct. Both officers had reason to believe that plaintiff had or was engaged in disruptive conduct under circumstances in which such conduct tended to provoke a disturbance. No reasonable person would dispute that walking into a retail store openly carrying a firearm is highly disruptive conduct which is virtually certain to create a disturbance. This is so because when employees and shoppers in retail stores see a person carrying a lethal weapon, they are likely to be frightened and possibly even panicky. Many employees and shoppers are likely to think that the person with the gun is either deranged or about to commit a felony or both. Further, it is almost certain that someone will call the police. And when police respond to a "man with a gun" call, they have no idea what the armed individual's

4

> intentions are. The volatility inherent in such a situation could easily lead to someone being seriously injured or killed.
>
> The facts of the present case illustrate the above observations. In both [cited cases] plaintiff's conduct caused store employees to become frightened and to notify their managers. The managers also became frightened and called the police, who immediately responded. The responding officers clearly had reason to believe that the combination of plaintiff's conduct and the circumstances in which it was committed "tended to provoke a disturbance" and constituted disorderly conduct in violation of [Wisconsin law]. The fact that, for reasons undisclosed in the record, the local district attorneys chose not to prosecute is irrelevant to the question of probable cause.

*Gonzalez v. Village of West Milwaukee*, 2010 WL 1904977, at *3-4 (E.D.Wis. May 11, 2010).

Similar to the plaintiff in *Gonzalez*, Butcher stood basically directly in front of a retail establishment with both a handgun and a rifle.  Butcher's conduct caused another citizen to contact the police department.  Admittedly, Butcher did not enter the retail establishment, but his loitering in front of the store was cause for just as much concern.  Furthermore, unlike the plaintiff in *Gonzalez*, Butcher had not simply a handgun in plain view, but also a rifle.

In addition, the Court finds substantial similarities between Wisconsin's disturbing the peace offense and Ohio's disorderly conduct offense.  Under Ohio Revised Code § 2917.11, "[n]o person shall recklessly cause … alarm to another by… [c]reating a condition that… presents a risk of physical harm to persons or property[.]"  As noted above, when police respond to a "man with a gun" call, they cannot know that person's intentions and such a situation could easily lead to someone being harmed.  Accordingly, the Court finds that probable cause existed to arrest Butcher.  Moreover, as Butcher was not actually placed under arrest, the much lower threshold of "reasonable suspicion" is easily satisfied.

As the officers had probable cause, Butcher's Fourth Amendment claim must fail.  Furthermore, assuming *arguendo* that a Fourth Amendment violation occurred, the officers are entitled to qualified immunity.  "Government officials performing discretionary functions

5

generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order to determine whether an officer is entitled to qualified immunity, this Court must examine the objective reasonableness of the officer's conduct in relation to clearly established law. *Id*. An officer is not entitled to this immunity when

> the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred[;] ... the violation involved a clearly established constitutional right of which a reasonable person would have known [; and] ... the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (quoting *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc)).   The Court may consider these two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009).

With respect to the clearly established prong, Butcher has failed to identify any particular case that would have placed the officers on notice that their conduct violated a clearly established right.  Butcher's argument appears to be focused upon the fact that every officer should know that openly carrying a firearm is not illegal.  However, as noted above, officers are required to evaluate the totality of the circumstances when assessing reasonable suspicion and probable cause.   These facts included Butcher's placement directly in front of a retail establishment, a call received by the police from the public about Butcher's conduct, and the fact that Butcher openly possessed multiple firearms.  Butcher's failure to identify even a remotely

6

similar precedent that would place the officers on notice of a clearly established right is fatal to his claim under the Fourth Amendment.[1]

    C. First and Second Amendment Claims

Butcher's Second Amendment claim is dependent upon a finding that his detention was unlawful. Having found that Butcher's detention was lawful, he can raise no viable argument that the officers taking possession of his guns during that 35-minute detention somehow violates the Constitution. It is beyond dispute that confiscating these weapons for officer safety during the detention is entirely proper. Furthermore, as with the discussion above, Butcher has identified no precedent that would suggest a clearly established right was violated. Again, Butcher simply relies upon the Second Amendment for his contention that a right was clearly established. However, it is again beyond dispute that the Second Amendment is not limitless. Therefore, his claim must be examined in the context in which it arose. In that context, no clearly established right has been identified. As such, assuming *arguendo* that a right was violated, qualified immunity is still appropriate. Butcher's Second Amendment claim fails.

Butcher's First Amendment claim is even more flawed. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v.*

---

[1] To the extent that Butcher claims excessive force by virtue of the fact that officers approached him with their firearms drawn, it is clear that such a claim must fail. *See Collins v. Nagle*, 892 F.2d 489, 497 (6th Cir. 1989) (holding that the mere show of force is insufficient to support an excessive force claim).

*Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Butcher appears to concede that his detention was directly related to the officer's observations of his possession of multiple weapons in front of a retail establishment. Furthermore, Butcher has offered no authority that would suggest that officers were somehow aware that his simple act of openly carrying firearms was symbolic speech. As such, Butcher's First Amendment claim fails as a matter of law.

D. *Monell* Claim

Having found no Constitutional violations, it follows that Butcher's *Monell* claim cannot survive. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

E. State law Claims

Having concluded that Butcher's Fourth Amendment claim lacked any merit, it follows that his false imprisonment claim and assault and battery claims must also fail. As the officers had both reasonable suspicion and probable cause to detain Butcher, their actions were lawful and privileged precluding a finding in Butcher's favor on the state law causes of action. *Sharp v. Cleveland Clinic*, 176 Ohio App.3d 226 (Ohio Ct. App. 2008) (noting that the essence of false imprisonment is deprivation of liberty *without lawful justification*); *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313 (Ohio Ct. App. 1999) ("Officers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force.").[2]

Finally, while it will not reiterate the full analysis herein, Defendants' brief accurately asserts that the individual defendants in both their official and individual capacities enjoy immunity under Ohio Revised Code §§ 2744.02 and 2744.03. As police officers engaged in

---

[2] There are no proper allegations of excessive force. Plaintiff was handcuffed, but no other force was exerted upon him throughout the duration of his arrest.

government functions, immunity applies absent an exception. Ohio Revised Code §§ 2744.01(A)(1) and (C)(2)(a). Butcher's sole response to this argument is that his clearly established rights were violated. Having found that Butcher has never properly identified such a right, his argument here fails as well.

F. Summary

The Court notes that it has addressed each of Butcher's claims. To the extent that specific Defendants, like Mayor Don Robart and Chief John Conley, are sued by Butcher, the same analysis applies to them. Furthermore, it is abundantly clear that neither individual was directly involved in any of the decisions or acts giving rise to the complaint. Accordingly, the complaint does not approach stating a viable cause of action against them.

IV. CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. 5) is GRANTED. The complaint is hereby DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 28, 2011  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT